SYLLABUS

This syllabus is not part of the Court's opinion.  It has been prepared by the Office of the Clerk for the convenience of the reader.  It has been neither reviewed nor approved by the Court and may not summarize all portions of the opinion.

**State v. Jerry Rosado (A-53-22) (088067)**

**(NOTE:  The Court did not write a plenary opinion in this case.  The Court affirms the judgment of the Appellate Division substantially for the reasons expressed in Judge Gilson's opinion, 475 N.J. Super. 266 (App. Div. 2023).)**

**Argued November 28, 2023 -- Decided December 13, 2023**

**PER CURIAM**

In this appeal, the Court considers whether the January 3, 2002 amendment to the criminal statute of limitations, N.J.S.A. 2C:1-6, can toll the five-year limitations period in effect in 1990, when defendant allegedly committed a sexual assault.

On May 27, 1990, S.N. was found dead in Wildwood City.  Vaginal smears and fingernail scrapings taken from S.N. contained an unknown DNA profile, but no one was charged with any crime related to her death or sexual assault for more than 30 years.  In August 2018, the unknown DNA profile was sent to a different lab for analysis, and defendant was identified as a person of interest.  In June 2021, DNA taken from defendant was found to have a high probability of matching the DNA from S.N.'s body.  Defendant was charged with sexual assault in April 2022.

Defendant moved to dismiss the criminal complaint, contending that his prosecution was time-barred by the statute of limitations in effect at the time the crime was committed.  The trial court denied defendant's motion, reasoning that the statute of limitations did not begin to run until detectives obtained DNA from defendant in 2021.  The court held that the 2002 amendment to the statute of limitations did not revive an expired prosecution and, therefore, did not violate the Ex Post Facto Clause of the Federal Constitution.  The Appellate Division granted defendant's motion for leave to appeal the denial of his motion to dismiss.

The Appellate Division reversed and remanded, directing the trial court to dismiss the criminal complaint with prejudice.  475 N.J. Super. 266, 270 (App. Div. 2023).

Noting that the statute of limitations is a complete defense to a criminal prosecution, the Appellate Division explained that, at the time the crime was

1

committed, the statute of limitations for sexual assault was five years.  Id. at 273 (citing N.J.S.A. 2C:1-6(b)(1) (1989)).  And the five years began to run "on the day after the offense [was] committed," i.e., "when every element [of the offense] occur[red]."  Id. at 273-74 (quoting N.J.S.A. 2C:1-6 (1989)).  The five-year limitations period thus expired on May 27, 1995.  See id. at 275.

The Appellate Division next observed that, "[s]ince 1990, N.J.S.A. 2C:1-6 has been amended several times" and "[t]wo of those amendments are relevant" here: (1) the 1996 amendment "eliminat[ing] the time limitation for bringing a prosecution for a sexual assault"; and (2) the 2002 amendment that "carve[d] out an exception for circumstances in which the prosecution includes DNA or fingerprint evidence." Id. at 274.

The appellate court noted that the State had conceded that the 1996 amendment did not apply -- a concession "consistent with the plain language of the 1996 amendment, which stated that it was applicable to 'offenses not yet barred from prosecution . . . as of' May 1, 1996."  Id. at 275 (quoting L. 1996, c. 22, § 2). The Appellate Division then determined that the 2002 amendment likewise did not apply:  "The 1996 amendment reveals that the Legislature clearly understood that amendments could be applied prospectively or retroactively," the court stressed, and yet "[t]he 2002 amendment does not contain any language indicating that the Legislature intended to apply that amendment retroactively.  Instead, in enacting the 2002 amendment, the Legislature stated that the amendment 'shall take effect immediately,'" a phrase the Court has consistently held to signal prospective application only.  Id. at 275-76 (quoting L. 2001, c. 308, § 2).

Finally, the Appellate Division found that its plain language interpretation was reinforced by the ex post facto protections of the State and Federal Constitutions, which "prevent the time for prosecution to be extended in any case where the pre-existing limitations period has already expired."  Id. at 276.  The court explained that, if defendant had been charged with the same crime in 1997, the charge would clearly have been time-barred under the statute of limitations in effect at that time; the same therefore had to hold true despite the 2002 amendment, which could not "constitutionally revive what has already expired."  Id. at 277-78.

**HELD:**  The judgment of the Appellate Division is affirmed substantially for the reasons expressed in Judge Gilson's opinion.

    **AFFIRMED.**

**CHIEF JUSTICE RABNER and JUSTICES PATTERSON, SOLOMON, PIERRE-LOUIS, WAINER APTER, and NORIEGA join in this opinion. JUSTICE FASCIALE did not participate.**

2

SUPREME COURT OF NEW JERSEY

A-53 September Term 2022

088067

State of New Jersey,

Plaintiff-Appellant,

v.

Jerry Rosado,

Defendant-Respondent.

On certification to the Superior Court,
Appellate Division, whose opinion is reported at
475 N.J. Super. 266 (App. Div. 2023).

| Argued | Decided |
|--------|---------|
| November 28, 2023 | December 13, 2023 |

Gretchen A. Pickering, Deputy First Assistant Prosecutor, argued the cause for appellant (Jeffrey H. Sutherland, Cape May County Prosecutor, attorney; Gretchen A. Pickering, of counsel and on the briefs).

Morgan A. Birck, Assistant Deputy Public Defender, argued the cause for respondent (Joseph E. Krakora, Public Defender, attorney; Morgan A. Birck and Eric R. Shenkus, Deputy Public Defender, of counsel and on the briefs).

Richard D. Pompelio argued the cause for amicus curiae New Jersey Crime Victims' Law Center (New Jersey Crime Victims' Law Center, attorneys; Richard D. Pompelio, of counsel and on the brief).

1

Alexander Shalom argued the cause for amicus curiae American Civil Liberties Union of New Jersey (American Civil Liberties Union of New Jersey Foundation, attorneys; Alexander Shalom and Jeanne LoCicero, on the brief).

Jhanice Domingo argued the cause for amicus curiae Association of Criminal Defense Lawyers of New Jersey (Pashman Stein Walder Hayden, attorneys; CJ Griffin and Zachary Levy, on the brief).

PER CURIAM

The judgment of the Superior Court, Appellate Division is affirmed substantially for the reasons expressed in Judge Gilson's opinion, reported at 475 N.J. Super. 266 (App. Div. 2023).

CHIEF JUSTICE RABNER and JUSTICES PATTERSON, SOLOMON, PIERRE-LOUIS, WAINER APTER, and NORIEGA join in this opinion. JUSTICE FASCIALE did not participate.